UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

HAROLD J. OSBORNE, SR.,

    Plaintiff,

v.

JON B. SAGE, P. A. d/b/a SAGE LAW OFFICES,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed a letter into this District.

## PARTIES

3.    Plaintiff, HAROLD J. OSBORNE, SR., is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant, JON B. SAGE, P. A. d/b/a SAGE LAW OFFICES, ("Sage") is a corporation formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 140, 1300 Sawgrass Corporate Parkway, Fort Lauderdale, Florida 33323.

5. Defendant is registered with the Florida Department of State Division of Corporations as a domestic corporation. Its registered agent for service of process is Richard D. Sage, Suite 140, 1300 Sawgrass Corporate Parkway, Fort Lauderdale, Florida 33323.

6. Sage Law Officer is a fictitious name registered with the Florida Department of State showing its owner as Jon B. Sage, P. A.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

**FACTUAL ALLEGATIONS**

9. Defendant sought to collect from Plaintiff an alleged debt for Plaintiff's own medical care.

10. On or about April 27, 2017 Defendant mailed a letter to Plaintiff regarding the alleged debt, attached as Exhibit "A".

11. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

12. On information and belief, the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

13. The FDCPA requires a debt collector to state in the initial letter "the name of the creditor to whom the debt is owed…" 15 U.S.C. §1692g(a)(2).

14. The letter states in relevant part "Re: Our Client NBHD - Imperial Pont Medical Center."

15. The body of the letter states "[i]f you have no insurance, Broward Health offers financial assistance and eligibility programs for which you may qualify."

16. The letter does not expressly state the name of the alleged creditor.

17. The letter's reference to two separate entities creates further confusion as to the identity of the creditor.

18. Numerous courts have held that the appearance of a presumed creditor's name described by only the word "re" is insufficient to comply with 15 U.S.C. §1692g(a)(2). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (Seventh Circuit, 2017); "Thus, the Court finds the fact that the caption February 13, 2015 Letter lists [re] John T. Mather Hospital is not, without more explanation, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor." *Datiz v. Int'l Recovery Assocs.*, 2016 U.S. Dist. LEXIS 102695, *29-30 (E. D. New York, 2016); and *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 48230 ( E. D. New York, 2013).

19. Plaintiff is harmed by the inability to know with certainty the identity of the party to whom he is allegedly indebted.

20. The letter is addressed to "Mr. / Ms. Osborne", seeks to collect a debt in the amount of $46.70, is on law firm letterhead and is signed by Edward M. Harvey, Esq.

21. The letter states:

Furthermore, unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt to be valid and it will be necessary for you to forward payment of the balance due to this office in order to avoid further action against you in this matter.

22. The threat of "further action against you" made by an attorney on law firm letterhead implies legal action.

23. The representations of debt collectors are evaluated by the "least sophisticated consumer" standard. *Jeter v. Credit Bureau*, 760 F.2d 1168 (Eleventh Circuit, 1985).

24. The least sophisticated consumer would believe Defendant intends to file suit if the debt is not paid.

25. Defendant, however, does not regularly file suits when the amount of the alleged debt is $46.70.

26. Defendant threatened legal action when it did not intend to take such action.

27. Because the letter is on law firm letterhead and is signed by an attorney, it implies an attorney has reviewed and evaluated the claim exercising independent legal judgment.

28. Harold Osborne is obviously a male, yet the letter is addressed to "Mr. / Ms. Osborne" suggesting that even a minimal review of the circumstances of the claim has not been made by anyone, and certainly not by an attorney.

29. The dollar amount involved, $46.70, suggests an attorney has not reviewed the claim.

30. The letter is a form letter that Defendant mails out to thousands of Florida residents without meaningful involvement of an attorney.

31. The letter is not from an attorney.

32. The letter was prepared by an automated process managed by non-attorneys.

## COUNT I
## FAILURE TO STATE THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED

33. Plaintiff incorporates paragraphs 1 through 32.

34. The letter fails to state the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. §1692g(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FALSE THREAT OF ACTION NOT INTENDED TO BE TAKEN

35. Plaintiff incorporates paragraphs 1 through 32.

36. Defendant's letter falsely threatens action not intended to be taken in violation of 15 U.S.C. §1692e(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## FALSE THREAT OF LITIGATION

37. Plaintiff incorporates paragraphs 1 through 32.

38. The letter falsely threatens litigation in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE IMPLICATION OF ATTORNEY INVOLVEMENT

39. Plaintiff incorporates paragraphs 1 through 32.

40. The letter falsely implies meaningful attorney involvement in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## FALSE IMPLICATION THAT THE LETTER IS FROM AN ATTORNEY

41. Plaintiff incorporates paragraphs 1 through 32.

42. The letter falsely implies that it is from an attorney in violation of 15 U.S.C. §1692e(3).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235
    don@donyarbrough.com

By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658